Lorena Barber, *Appellant,*
vs.
Harold Barber, *Appellee.*
Decided July 27, 1984

## OPINION

*Albert A. Hale, Esquire, Window Rock, Navajo Nation (AZ) for the Appellant and Damon L. Weems, Esquire, Farmington, New Mexico for the Appellee.*

*Acting Chief Justice Tso delivered the Opinion of the Court.*

## REVERSED AND REMANDED

This is a child custody case in which the mother and the father are striving for the custody of their children.

A decree of divorce was entered in the above-captioned matter on June 25, 1980, wherein custody of the parties' minor children was granted to the Appellant. Since then Appellant had custody of the three minor children. On August 23, 1982, Appellee filed in the Shiprock District Court a motion for a change of custody. Subsequently, a hearing was set to hear the motion two times and the matter was continued both times. On October 28, 1982, Appellant submitted a response to the motion for a change of custody and argued that Appellee's motion was submitted contrary to Rules on Pleadings, Forms and Motion, specifically Rule 4 and the Court should summarily dismiss the motion without a hearing pursuant to the Rule. The Court rendered no decision on the Appellant's response to the motion for a change of custody.

A second motion, a Motion for a Home Study, was also submitted by

Appellee, to which Appellant submitted a Motion in Opposition again arguing the motion is not in compliance with Rule 4, *et. seq.*, Rules, on Pleadings, Forms and Motions, specifically arguing no brief was submitted with the motion. Subsequently, there was another continuance on the Appellee's motion.

On May 4, 1983, the matter came before the court for a hearing at which time only Appellee appeared with his attorney. Appellant and/or her attorney failed to appear. The Appellee, his attorney and their witnesses, met with the judge in chambers and it appears there were some informal discussions resulting in an order being issued accordingly on June 8, 1983.

## I.

The issues before the Court are as follows:

1. Whether the District Court erred in granting a default judgment;
2. Whether the District Court's Order for change of custody is supported by evidence;
3. Whether the District Court failed to act as a *parens patriae* for the minor children;
4. Whether Appellant was denied her right to due process guaranteed by the 1968 Indian Civil Rights Act codified at 25 USC Sec. 1302(8);
5. Whether the Appeal was timely perfected.

## II.

The Court of Appeals will first address the issue of whether the case before the court was timely appealed.

*Rule 2(c), Filing of Appeals, Rules of Appellate Procedure*, states ". . . the Notice of Appeal, briefs, the fee and the copy of the final judgment shall be filed with the Clerk within thirty (30) calendar days of the date the final judgment or order being appealed was entered in the record by the District Court. No extension of time within which to file the appeal shall be granted, and no appeal filed after the expiration of the thirty (30) days period shall be allowed."

According to the record on appeal, Appellant perfected her appeal on July 8, 1983, and it was entered into the record of the Court below on May 12, 1983, as evidenced by the stamp of the Court and also the affidavit of the court clerk. Appellee further argues that the order was "rendered," by whatever definition it is used, certainly no later than May 12, 1983.

The affidavit of Mildred Mitchell, Chief Clerk of the Shiprock District Court, states she received the order in the mail on May 12, 1983, bearing the signature of Judge Whitehair whereupon she stamped the order "May 12, 1983" indicating the date when the order was received.

The records from the court below, specifically the file docket sheet, indicates the Honorable Judge Whitehair signed the order on June 8, 1983. As the Navajo Tribal Courts are courts of record, the record of the court as reflected in the docket sheet will be deemed conclusive. The order was signed and entered on June 8, 1983. Under the provisions of Rule II of the Rules of Civil Procedure, the appeal time began to run from that date. Hence, the appeal was timely filed.

## III.

Appellent contended that the Court erroneously rendered a default judgment when in fact she responded to the appellee's motion and the matter was put at issue. The issue is whether a party is entitled to a default judgment when the adverse party had responded to a motion but failed to appear for trial.

It has been declared that once an answer on the merits is filed and the case is at issue, a default judgment may not be rendered against the defendant for failure to appear at the trial. It is reasoned in support of this rule that since the burden of proof is upon the plaintiff he must prove his case not withstanding the failure of the defendant or his counsel to appear at the trial. *Yazzie v. Yazzie*, TC-CV-205-82, (decided October 27, 1983).

In the instant case, appellee was not entitled to a default judgment since appellant responded to the motion and the matter was put at issue. The burden of proof was upon appellee to prove a change of custody is necessary and in the best interest of the children.

The District Court's Order of May 4, 1983, implying a default judgment is proper due to the appellant's failure to appear, is a reversible error.

## IV.

The Court will now address the issue of whether the District Court's order for change of custody is supported by evidence. From previous findings the matter was set for a hearing on May 4, 1983. When the Appellant and her counsel failed to appear, Appellee, his attorneys and witnesses met with the judge in his chambers where certain informal discussion transpired and an order was entered accordingly.

The Order of the District Court dated May 4, 1983, states in relevant part

". . .due to a material change in circumstances since the entry of the final decree herein, the best interest of the children of the parties would be served by plaintiff having full care and custody of such minor parties subject to reasonable visitation rights of the defendant."

The Court of Appeals has dealt with an issue of this nature in the decision of *Lente v. Notah,* 3 Nav. R. 72 (1982). A substantial change of circumstances must be alleged and the pleadings should show why a change of custody is better for a child as well as facts demonstrating a substantial change of circumstances. *Id.* at 75.

The dominant principle is always the best interest of the child. *Id.* at 72, 76. The best interest test is based on facts and scientific findings. *Id.* at 72, 76.

There are no fixed standards as to what constitutes a substantial change of circumstances or what is in the "best interest of the child's" test. Only a complete review of the circumstances surrounding a child will give the Court guidance on how to rule. *Id.* at 72, 79.

There is obviously no evidence whatsoever to support the District Court's Order for a change of custody and the same must be reversed.

## V.

The next issue is whether the trial court failed to act as *parens patriae* for the minor children.

The general rule is that the court must always act as the parent of the child and must act in the best interest of the children especially in cases where a change order of custody is requested.

The District Court failed to make findings of facts as to whether a change of custody is in the best interest of the children which is clearly a failure to act as a parent in the place of the parents for the minor children. Such failure to act is a reversible error and must be remanded for a proper disposition.

## VI.

The last issue is whether plaintiff-appellant was denied her rights to due process as guaranteed by the 1968 Indian Civil Rights Act. The relevant part of the 1968 Indian Civil Rights Act states that ". . .no Indian tribe in exercising powers of self government shall deny to any person within its jurisdiction the equal protection of its law or deprive any person of liberty or property without process of law."

The Appellant is arguing that the order of the District Court entered June 8, 1983, ordered the Navajo Tribal Police Department to pick up her children

within five days. Such order was carried out by the Navajo Police Department. However, the children have subsequently been returned to the Appellant and therefore that issue is moot and the court will not address itself to that matter.

It is therefore ORDERED that the District Court's Order entered June 8, 1983, be and is hereby reversed.

It is further ORDERED that the above-entitled matter be and is hereby remanded to the Shiprock District Court for further disposition in accordance with the Court's opinion.